ED PALMER v. STATE.

No. A-5851.   Opinion Filed Feb. 12, 1927.
(252 Pac. 1114.)

Morgan, Osmond & Morgan, for plaintiff in error.

The Attorney General, for the State.

DOYLE, P. J.   Appellant, Ed Palmer, was convicted on a charge that in Grady county, April 2, 1925, he did have possession of 30 gallons of whisky with the unlawful intent to sell the same, and in accordance

with the verdict of the jury he wias sentenced to pay a fine of $50 and be confined in the county jail for 30 days. From the judgment he appeals.

The only question presented by the record is the sufficiency of the evidence to sustain the verdict. The evidence shows that four deputy sheriffs in executing a search warrant visited the home of the defendant two or three miles east of Chickasha, and there found 30 gallons of whisky buried in a flower garden in the yard; there was a ten-gallon keg, two five-gallon kegs, and two five-gallon jars all full of whisky. As a witness in his own behalf, defendant testified that he had lived on the place between seven and eight years; that in December, 1924, he went to California, and did not return until some time in February, 1925; that he did not know that the whisky was there until the officers found it. His wife land daughter in substance testified to the same effect. Three character witnesses qualified and testified that appellant's reputation in that community as to being a law-abiding citizen was good. In rebuttal, Officer Dryden testified that the shrubbery and rose bushes planted above these containers had just been set out. After a careful examination of the evidence in the case, we are not prepared to say that the jury were not warranted in finding the verdict returned by them.

The credibility of the witnesses and the weight and value to be given their testimony was a question solely for the jury's determination, and to reverse a judgment on the ground that the verdict is contrary to the law and the evidence, this court must find as a matter of law that the evidence is insufficient to warrant the conviction.

We find nothing in the record indicating improper motive, passion, or prejudice on the part of the jury,

and the instructions, to which no objection was made, or exception taken, fairly presented the law of the case.

There being no prejudicial error shown by the record, the judgment appealed from will be affirmed.

EDWARDS and DAVENPORT, JJ., concur.